**In re CORVIS CORPORATION,
Petitioner.**

**No. MISC. 760.**

United States Court of Appeals,
Federal Circuit.

March 22, 2004.

Before MAYER, Chief Judge, RADER and BRYSON, Circuit Judges.

*ORDER*

BRYSON, Circuit Judge.

Corvis Corporation petitions for a writ of mandamus to direct the United States District Court for the District of Delaware to refrain from entering a final judgment and injunction and to hold a new infringement trial.

Ciena Corporation and Ciena Properties, Inc. sued Corvis for infringement of four patents. One of Corvis's defenses was the reverse doctrine of equivalents. Ciena moved to have the reverse doctrine of equivalents resolved by the district court and not the jury. Corvis opposed asserting that it had a Seventh Amendment right to have its defense decided by a jury. The district court did not allow the jury to decide the defense. The first jury re-turned a verdict of infringement of one patent, found noninfringement of the second and third patents, and deadlocked on the fourth. A second jury trial was held to determine infringement of the fourth patent and, again and under protest by Corvis, the issue of the reverse doctrine of equivalents was not presented to the jury. These two trials were held over one year ago. It appears that post-trial motions, Ciena's motion for entry of final judgment and an injunction, and the district court's decision on the reverse doctrine of equivalents defense remain pending.

Corvis asserts that it is has a Seventh Amendment right to present its defense of the reverse doctrine of equivalents to a jury. Corvis asks the court to decide whether it has this right in this mandamus petition. *See Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 472, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962) (it is the responsibility of the federal courts of appeals to grant mandamus where necessary to protect the constitutional right to trial by jury). However, under the circumstances of this case, there is no pressing urgency to have the issue decided now rather than in the course of an ordinary appeal. The position of Corvis is not measurably different now than it will be on appeal after final judgment. The jury trials were completed a year ago. The present review by mandamus cannot change those occurrences or give Corvis any more or less relief with respect to a jury trial than can be given after review on appeal after final judgment.

Corvis argues that it will be harmed by the injunction that presumably will be issued against it if we do not enjoin the district court from entering final judgment and direct a new infringement trial. However, Fed. R.App. P. 8 provides the mechanism for a party seeking a stay of an

injunction pending appeal. Thus, Corvis has a remedy other than mandamus.

Accordingly,

IT IS ORDERED THAT:

Corvis's petition for a writ of mandamus is denied.